IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BYUNG-GOOK HAN, et al. | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 21-1569-RGA |
| MICHAEL OTWORTH, | : |
| Defendants. | : |

**ORDER**

On Wednesday, July 31, 2024, the parties filed an unopposed motion for preliminary approval of a settlement. (D.I. 31). Two days later, I received a letter from an "interested stockholder," who said the stockholder had filed a separate shareholder derivative complaint "against many of the same defendants." (D.I. 35). The letter requested that I take no action before August 14, the "deadline for any opposition under the local rules." I said I would wait at least that long. (D.I. 36). On August 15, the interested stockholder wrote again, asking for two more weeks. (D.I. 38). The letter said that the stockholder "would like to continue our ongoing dialogue with plaintiffs' and defendants' counsel regarding [several concerns about the proposed settlement]." Counsel for Plaintiff submitted a letter opposing the delay. (D.I. 37). That letter says, "there is no 'ongoing dialogue' between Plaintiff and [the stockholder]." The letter further says, Plaintiff's earlier "decision not to review the terms of Settlement" in late June "plainly exposes the lack of good faith in which that application [for two more weeks] is made."

I do not now intend to address any accusations of bad faith or the like. I merely note that the parties agreed to a settlement in principle on April 2, 2024 (D.I. 33 at ¶ 26), and to terms on

May 7, 2024 (D.I. 30; D.I. 33 at ¶ 29), and the motion for preliminary approval was filed at the end of July. I do not think it is unreasonable to give the stockholder another two weeks to take some action, including filing objections to the proposed settlement.[1]

On a separate topic, I would like Plaintiff's counsel to confirm that their proposed $1,750,000 attorneys' fees award is a separate payment from an insurance company and does not come out of the $3,000,000 paid to PureCycle. I do not immediately see a clear statement one way or the other about this, though I see a footnote that suggests the $1,750,000 comes out of the $3,000,000. I do not see how reducing the request from $2,000,000 to $1,750,000 would "maximize the benefits to PureCycle and its stockholders" (D.I. 32 at 3 n.5) unless it is coming out of the $3,000,000. In any event, I would like clarity.

Thus, I grant the requested two-week extension, to August 28, 2024.

IT IS SO ORDERED this 16th day of August 2024.

_____
United States District Judge

---

[1] Usually, there aren't any objections, which then leaves me in the position of having to rule on a significant motion based on a non-adversarial presentation. On the rare occasions when I have had an objection to a derivative or class action settlement, the objector often has a point. I therefore do not want to discourage objections.