IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BYUNG-GOOK HAN et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>MICHAEL OTWORTH et al.,<br><br>          Defendants. | Civil Action No. 21-1569-RGA |

MEMORANDUM ORDER

I have a pending motion for preliminary approval of a proposed settlement of a derivative case. (D.I. 31). While the motion has been under consideration, I have received some letters about the meaning of one aspect of the proposed settlement and the proposed notice of the settlement.

The issue has been raised by a stockholder named Piot. There is a derivative action filed in the Court of Chancery, *Piot v. Bouck*, No. 2024-0475-NAC. It appears that all claims in that case will be released by the proposed stipulation of settlement.[1] (D.I. 33-1 Exh. 1 at § 1.19). I do not see anything that says that Piot or his counsel will share in any of the proposed attorneys' fees, expenses, or incentive awards in this case.

Piot objects to the proposed notice of the settlement. (D.I. 41; D.I. 46). The basis is that the notice does "not reasonably apprise stockholders that any direct or derivative misconduct alleged in a second securities fraud class action—[*Southgate*]—are being released." (D.I. 41 at 1). Piot says the stipulation of settlement releases claims and derivative claims "related to the

---

[1] Piot does not appear to object to this, although I do not see his agreement to it in the stipulation of settlement.

misconduct asserted in [*Southgate*]." (*Id.*). Piot notes that there is an exception to the release, for "any securities fraud claims alleged in" *Southgate*, but says the exception does not include direct and derivative claims filed by or on behalf of PureCycle. (*Id.* at 2). The bottom line is that Piot says the "scope of the Released Claims is unclear in the settlement documents." (*Id.* at 3).

Plaintiffs respond that the claim of lack of clarity is without merit. (D.I. 43). Plaintiffs respond that the derivative claims asserted in this case and in *Brunson*, a second Court of Chancery case, "arise from facts included in" *Southgate*. (*Id.*). Plaintiffs cite allegations in the amended complaint in this case that overlap with allegations in *Southgate*. (*Id.* at 1-2). Plaintiffs cite a description of the claims asserted in this lawsuit in the settlement document. (*Id.* at 2). It seems clear that Plaintiffs are saying the named overlapping allegations are being released. As best as I can gather, without actually saying so, Plaintiffs' response seems to imply that anything alleged in *Southgate* (other than the securities fraud claims pending[2] in that case, which are not released and will be decided by the *Southgate* court[3]) is covered by the proposed release, so that any future derivative action (or direct company action), including one that names the *Southgate* defendants, would be barred to the extent the allegations overlap with the *Southgate* allegations.

It would be helpful in resolving this dispute if Plaintiffs and Defendants would submit a joint letter identifying any allegations in Southgate that are not included within the release. It would help me if counsel for Piot would explain if Piot and/or Piot's counsel is expecting or intending to seek any monetary compensation in this case or otherwise in connection with the *Piot* Chancery litigation, and, if so, from whom.

Responses are due by January 30, 2025.

---

[2] I understand *Southgate* is currently dismissed with leave to replead.
[3] Stated differently, resolution of the *Southgate* case is not impacted at all by the settlement.

IT IS SO ORDERED this 16th day of January 2025.

                                                        /s/ Richard G. Andrews
                                                        United States District Judge