UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: PURECYCLE TECHNOLOGIES, INC. DERIVATIVE LITIGATION | Lead Case No. 21-1569-RGA |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

Plaintiff in the above-captioned Federal Action made an application, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the Settlement, in accordance with the Stipulation and Agreement of Settlement (the "Stipulation") dated July 17, 2024, which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Derivative Matters (the "Settlement") and for dismissal of the Federal Action with prejudice, and (ii) approving the form and content of the Notice to be published via GlobeNewswire, filed by PureCycle Technologies, Inc. ("PureCycle") with the U.S. Securities and Exchange Commission ("SEC") and posted, along with the Stipulation, on PureCycle's and Settling Stockholders' Counsels' websites. The Court having read and considered the Stipulation and exhibits annexed thereto; and all parties to the Settlement having agreed to the entry of this Order, and all capitalized terms herein having the same meaning as set forth in the Stipulation;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Federal Action.

2. A hearing (the "Settlement Hearing") shall be held before the Court on May 1, 2025, at 10:00 a.m., in person at the J. Caleb Boggs Federal Building, 844 N. King Street,

Wilmington, Delaware, 19801, ~~or by telephone or videoconference (in the discretion of the Court~~), for the purpose of determining: (i) whether the Settlement of the Derivative Matters on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to PureCycle and Current PureCycle Stockholders, and should be finally approved by the Court; (ii) whether a Judgment as provided in, and attached as Exhibit D to the Stipulation should be entered; (iii) whether to approve the payment of the Fee and Expense Amount in the amount negotiated by the Settling Parties and Service Awards for the Settling Stockholders to be drawn therefrom; and (iv) such other matters as may be necessary or proper in the circumstances.

3. The Court approves, as to form and content, the Notice, annexed as Exhibit C to the Stipulation, and finds that the distribution of the Notice substantially in the manner and form set forth in this Order fully satisfies Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process, complies with the rules of this Court, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice for all purposes to all Current PureCycle Stockholders. Non-material changes to the form of the Notice may be made without further approval of the Court.

4. PureCycle is hereby authorized and empowered, no later than ten (10) days following the entry of this Order, to (i) cause a copy of the Notice, substantially in the form annexed as Exhibit C to the Stipulation, to be published in a press release on GlobeNewswire with a link to the Company's investor relations webpage where the Notice and Stipulation will be available, (ii) file with the SEC a Form 8-K attaching a copy of the Notice and Stipulation, and (iii) post the Notice and the Stipulation on the Company's website. In addition, Settling Stockholders' Counsel shall cause a copy of the Notice and the Stipulation to be posted on their websites.

5. No later than twenty-one (21) days prior to the Settlement Hearing provided for in ¶ 2 of this Order, Settling Defendants' Counsel shall file with the Court proof, by affidavit or declaration, of such notice.

6. No later than seven (7) calendar days before the Objection Deadline described in ¶ 7 below, Settling Stockholders' Counsel shall file: (1) their motion in support of final approval of the Settlement; and (2) their application for an award of attorneys' fees and reimbursement of expenses to Settling Stockholders' Counsel and for the Service Award to Settling Stockholders.

7. Any Current PureCycle Stockholder may, but is not required to, appear at the Settlement Hearing and express an opinion as to whether the Settlement, Fee and Expense Amount, and/or the Service Award should be approved; *provided*, *however*, that no Current PureCycle Stockholder or any other person shall be heard or entitled to object to the approval of the terms and conditions of the Settlement, Fee and Expense Amount, and/or Service Award, if approved, and the judgment to be entered thereon approving same, unless on or before fourteen (14) calendar days prior to the Settlement Hearing ("Objection Deadline"), such Person has filed their written objection(s) with the Court and sent their written objection(s) by hand or by first class mail, postage pre-paid, to Settling Stockholders' Counsel. The written objections must be postmarked by the Objection Deadline and sent to Lead Counsel:

> David C. Katz
> Joshua M. Rubin
> Weiss Law
> 4 Brighton Rd., Suite 204
> Clifton, NJ 07012

The written objection(s) must contain the following information: (i) notice of such Person's intent to appear at the Settlement Hearing; (ii) such Person's name, legal address, and telephone number; (iii) state that such Person is a Current PureCycle Stockholder as of July 17, 2024 and represent that the Person will continue to own PureCycle common stock as of the date of the Settlement

Hearing; (iv) provide the date(s) such Person acquired his, her, or its PureCycle shares and the number of PureCycle shares held; (v) contain a detailed statement of such Person's specific position with respect to the matters to be heard at the Settlement Hearing, including a statement of each objection being made; and (vi) state the grounds for each objection or the reasons for such Person's desire to appear and be heard.

8. Any Current PureCycle Stockholder who fails to object in the above-prescribed manner shall be deemed to have waived his, her, or its right to object to any aspect of the Settlement or otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

9. No later than seven (7) calendar days prior to the Settlement Hearing, the Settling Parties shall file and serve their responses to any objection from Current PureCycle Stockholders.

10. All discovery and other pretrial proceedings in the Federal Action are hereby stayed and suspended until further order of this Court. Pending the final determination on the approval of the Settlement, no stockholder of PureCycle may either directly, representatively, or in any other capacity, prosecute, institute, commence, or continue to prosecute on behalf of PureCycle or any stockholders thereof, any claim which has been or could have been asserted in the Derivative Matters or any other claim arising out of or in any way related to any of the acts, facts, transactions, occurrences, representations, or omissions or other subject matter set forth, alleged, embraced, or otherwise asserted by plaintiffs in the Derivative Matters. The provisions of this paragraph shall expressly not apply to the proceedings styled as *Theodore v. PureCycle Technologies, Inc., et al.*, Case No. 6:21-cv-809-PGB-RMN, in the United States District Court for the Middle District of

Florida and *Southgate v. PureCycle Technologies, Inc., et al.*, Case No. 1:23-cv-8605, in the United States District Court for the Southern District of New York.

11. In the event the proposed dismissal as provided for in the Stipulation is not approved by the Court, or for any reason the Settling Parties fail to obtain a final judgment pursuant to the Stipulation, then, in either of such events, the Stipulation shall become null and void and of no further force or effect, and shall not be used or referred to for any purpose whatsoever. In such event, the Stipulation and all negotiations and proceedings related thereto shall be withdrawn without prejudice as to the rights of any and all such Settling Parties thereto, who, in accordance with the provisions of the Stipulation, shall be restored to their respective positions existing as of the date of the Stipulation.

12. The Court reserves the right to approve the Stipulation with further modifications as may be agreed to by counsel for the Settling Parties and without further notice to Current PureCycle Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may also adjourn the Settlement Hearing provided for herein without further notice other than to counsel for the Settling Parties.

**SO ORDERED** in the District of Delaware on_____February 18_____, 2025.

                                                                          /s/ Richard G. Andrews
                                                          THE HON. RICHARD G. ANDREWS
                                                          UNITED STATES DISTRICT JUDGE