IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: PURECYCLE TECHNOLOGIES, INC. DERIVATIVE LITIGATION | Lead Case No. 21-1569-RGA |

**[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

**WHEREAS:**

(A)    This Federal Action was originally commenced on November 3, 2021 as the *Han* Action, Civil Action No. 1:21-cv-01569-RGA. By order dated July 27, 2023, the *Han* Action was consolidated with the *Ayers* Action, Civil Action No. 1:22-cv-00110-RGA, and this Court appointed Weiss Law as lead counsel.

(B)    Following a full day mediation session on March 5, 2024, a half-day mediation session on March 13, 2024, and an additional full day mediation session on April 2, 2024, all before Jed D. Melnick, Esq. of Judicial Arbitration and Mediation Services ("JAMS"), and subsequent negotiations, the parties reached an agreement to settle the claims asserted in the Derivative Matters as reflected in the Stipulation and Agreement of Settlement dated July 17, 2024.

(C)    Pursuant to the Preliminary Order entered on February 18, 2025 (D.I. 52), this Court scheduled a Settlement Hearing for May 1, 2025, at 10:00 a.m. to, *inter alia*, determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court.

(D)    The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Order, including the Company publishing a press release, and filing a Form 8-K with the U.S. Securities and Exchange Commission disclosing the Settlement and attaching a copy of the Notice, and posting of the Notice and Stipulation to the Company's website, and Settling Stockholders' Counsel posting the Notice and Stipulation to their websites.

(E)  Due to adequate notice having been given to Current PureCycle Stockholders as required by the Preliminary Order, and the Court having held a Settlement Hearing on May 1, 2025, and the Court having considered all papers filed and proceedings in this Federal Action and otherwise being fully informed of the matters herein and good cause appearing.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Federal Action, including all matters necessary to effectuate the Settlement, and over all parties to this Federal Action.

3. This Court finds that the publishing, posting and filing of the Notice, which was implemented in accordance with the terms of the Stipulation and the Court's Preliminary Order:

(a)  Constituted the best practicable notice to Current PureCycle Stockholders under the circumstances of this Federal Action;

(b)  Was reasonably calculated, under the circumstances, to apprise Current PureCycle Stockholders of: (i) the Settlement of the Derivative Matters; (ii) their right to object and the procedures to object to any aspect of the Settlement; (iii) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense; (iv) the Fee and Expense Amount to Settling Stockholders' Counsel; (v) the Service Award to Settling Stockholders; and (vi) the binding effect of the proceedings, rulings, orders, and judgments in this Federal Action on other potential or filed actions or claims, whether favorable or unfavorable; and

(c)  Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice and fully satisfied Rule 23.1 of the Federal Rules of

Civil Procedure and the requirements of due process and complied with the rules of this Court.

4.   The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

5.   The Court finds that the Settlement set forth in the Stipulation provides substantial benefits to PureCycle and is fair, reasonable, adequate, and in the best interests of Current PureCycle Stockholders, taking into account, *inter alia*, the benefits to PureCycle and Current PureCycle Stockholders; the complexity, expense, and possible duration of further litigation; the risks of establishing liquidity and damages; and the costs of continued litigation. The Settlement set forth in the Stipulation is hereby finally approved in all respects, in accordance with the terms and provisions therein, and all Settling Parties are hereby bound by the terms of the Settlement as set forth in the Stipulation.

6.   Upon the Effective Date, the Settling Stockholders (acting on their own behalf and, derivatively on behalf of PureCycle), the Settling Defendants, and each of the Current PureCycle Stockholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and shall be forever enjoined from prosecuting the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Settlement.

7.   Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settling Stockholders and Settling Stockholders' Counsel and their subsidiaries, affiliates, members, directors, officers, employees, partners, agents, heirs, administrators, successors, and assigns from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution

of the Derivative Matters or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Settlement.

8. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the other Released Persons from all Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. The Stipulation, and all related documents, shall not be construed as or deemed to be evidence of (i) any presumption, an admission, or concession on the part of any Settling Defendant, or any of the Released Persons, with respect to any claim of any fact alleged by Settling Stockholders or any PureCycle stockholder, the validity of any claim that was or could have been asserted by Settling Stockholders or any PureCycle stockholder, or any deficiency or any defense that has been or could have been asserted by Settling Defendants in the Derivative Matters, or in any other litigation, or (ii) any liability, negligence, fault, wrongdoing, or damage whatsoever of any kind of any of the Released Persons, or in any way referred to for any other reason as against any of Released Persons, in any civil, criminal, or administrative action or proceeding, other than such proceeding.

10. Whether or not the Effective Date occurs or the Stipulation is terminated, neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

> (a) may be deemed, or shall be used, offered, or received against Settling Defendants or Released Persons, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Settling Stockholders, the deficiency of any defense that has been or could have been asserted in the litigation, or

of any alleged wrongdoing, liability, negligence, or fault of the Settling Defendants and the Released Persons, or any of them;

(b) may be deemed, or shall be used, offered or received against Settling Stockholders or any Current PureCycle Stockholder, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of the Released Claims, the infirmity or strength of any claims raised in the Derivative Matters, the truth or falsity of any fact alleged by Settling Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Derivative Matters.

11.  Any party or any of the Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppels, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

13.  The Court finds that during the course of this Federal Action, all Settling Parties, Settling Stockholders' Counsel, and Settling Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and all other rules of professional conduct.

14. The Fee and Expense Amount and Service Awards, as set forth in the Stipulation, are hereby approved. Settling Stockholders' Counsel shall allocate the Fee and Expense Amount among themselves in accordance with the Stipulation.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; and (ii) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and the Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

16. This Federal Action and all Released Claims are dismissed with prejudice. The parties are to bear their own fees and costs, except as otherwise provided in the Stipulation or this Judgment.

17. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the District of Delaware on _May 1_, 2025.

_____
THE HON. RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE